**UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**JOHN E. SPELLMAN**                                                    **CIVIL ACTION**

**VERSUS**                                                                       **NO.  15-824**

**NATE CAIN, WARDEN**                                                **SECTION "E"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

I. *Procedural history*

Petitioner, John E. Spellman, is a convicted inmate currently incarcerated in the Avoyelles Correctional Center, in Cottonport, Louisiana.  On March 6, 2013, Spellman was charged by bill of information with one count of aggravated flight from an officer and one count of simple burglary.[1] On June 26, 2013, he pleaded guilty as charged.[2] In accordance with

---

[1] State Rec., Vol. 1 of 4, Bill of Information.

[2] State Rec., Vol. 1 of 4, Minute Entry, 6/26/13; *see also* Transcript of Hearing - June 26, 2013.

the plea agreement, the trial court sentenced him to two years imprisonment at hard labor on count one and six years imprisonment on count two.  He also pleaded guilty to the State's multiple-offender bill of information filed that same day, charging him as a second-felony offender on the simple burglary count.  The trial court vacated the original sentence on count two, and resentenced Spellman to six years imprisonment without benefit of probation or suspension of sentence.[3]  Spellman moved for reconsideration of the sentence.  On August 5, 2013, the trial court denied that request and granted Spellman's motion for appeal.[4]

On appeal, Spellman's appointed counsel filed a brief asserting that the record presented no non-frivolous issues to raise on appeal.[5]  Spellman filed a *pro se* brief asserting several assignments of error: (1) the trial judge imposed his enhanced sentence prior to the state timely filing a multiple bill of information; (2) the trial court erred by imposing an enhanced sentence pursuant to Louisiana Revised Statute 15:529.1; (3) the trial court erred in finding him guilty of simple burglary when the bill of information failed to properly charge all of the elements of the offense.  The Louisiana Fifth Circuit affirmed his conviction and

---

[3] *Id*.; see also State Rec., Vol. 1 of 4, Waiver of Constitutional Rights Plea of Guilty; Waiver of Rights - Plea of Guilty Multiple Offender - La. R.S. 15:529.1.

[4] State Rec., Vol. 1 of 4, Motion for Reconsideration and Order denying signed August 5, 2013.

[5] *Id*., No. 13-KA-908, Appellant Brief; *see also* appointed counsel's letter dated November 30, 2013 to Spellman in which she recommended he pursue post-conviction relief in order to develop a record that would allow him to show that his plea agreement may have been involuntary and not knowingly entered.

sentence on April 9, 2014.[6]  Spellman filed an application for rehearing in which he asserted that the appellate court had overlooked his supplemental *pro se* brief with an additional claim that he was denied the right to effective assistance of counsel.[7]  The court of appeal granted a rehearing.  Ultimately, however, constrained by an insufficient record and noting that the claim was more properly addressed through an application for post-conviction relief, the court of appeal denied relief on rehearing and instructed him to pursue the allegation through an application for post-conviction relief filed in the trial court.[8]  On February 6, 2015, the Louisiana Supreme Court denied his writ application without stated reasons.[9]

During the pendency of his direct appeal, on or about October 9, 2014, Spellman filed a motion to correct an illegal sentence in the state district court.[10]  He argued that the enhanced sentence was illegal because the predicate conviction was invalid.  The state district

---

[6] *State v. Spellman*, 13-908 (La. App. 5th Cir. 4/9/14), 140 So.3d 751, *reh'g denied* (May 29, 2014).

[7] State Rec., Vol. 1 of 4, Application for Rehearing.

[8] *Id.*, Order on Rehearing (May 29, 2014).

[9] *State v. Spellman*, 2014-KO-1315, 2015 WL 872323 (La. 2/6/15).

[10] State Rec., Vol. 2 of 4, "Application for Motion to Correct an Invalid, Illegal Enhanced Sentence Pursuant to the Authority in La. C.Cr.P. art. 882, 872" signed October 9, 2014.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filing, this Court will use the signature date of the application as the filing date, in that the application was obviously placed in the mail no earlier than the date it was signed.

court denied the motion on October 20, 2014.[11]  His related writ application filed with the

Louisiana Fifth Circuit Court of Appeal was denied on February 3, 2015.[12]  On December 7,

2015, the Louisiana Supreme Court refused to consider his application for supervisory writs

because it was not timely filed.  His subsequent request for reconsideration of that ruling was

denied on February 5, 2016.[13]  Although the record reflects that Spellman pursued further

additional collateral motions related to his alleged illegally enhanced sentence, attacking his

underlying predicate conviction from 2006, he filed no collateral challenges to the instant

conviction.[14]

On March 5, 2015, Spellman filed his federal application for *habeas corpus* relief.[15]  In

his petition, Spellman asserts two grounds for relief:  (1) he was constructively denied counsel

prior to pleading guilty; and (2) the trial judge imposed his enhanced sentence prior to the

---

[11] State Rec., Vol. 2 of 4, District Court Order denying motion to correct illegal sentence.

[12] *Id.*, *State v. Spellman*, 15-KH-44 (La. App. 5th Cir. Feb. 3, 2015) (unpublished writ decision).

[13] As the state court record submitted to the Court is devoid of a copy of these rulings and a search of the Westlaw database revealed no decisions, this history was confirmed via telephone with staff of the Louisiana Supreme Court Clerk's Office.

[14] State Rec., Vol. 4 of 4, Louisiana Supreme Court Writ Application Nos. 15-KH-591 and 15-KH-656.  *See Spellman v. State*, 2015-KH-0591, 2016 WL 229346 (La. 1/15/16); *Spellman v. State*, 2015-KH-0656, 2016 WL 229381 (La. 1/15/16).

[15] Rec. Doc. No. 1, Petition. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed and dated the application on March 5, 2015, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

state timely filing a multiple bill of information. The State filed a response in which it addresses only the first asserted ground for relief and argues that the ineffective assistance claim is without merit.[16] The State does not acknowledge or address the second claim. Spellman submitted a traverse to the State's opposition in which he argues the late appointment of counsel and inadequate preparation time amounted to a constructive denial of counsel that rendered his guilty plea invalid.[17]

II. *Preliminary Review - Timeliness and Exhaustion*

Initially, the Court must determine whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir.1997) (citing 28 U.S.C. § 2254(b),(c)). The State concedes and the record demonstrates that Spellman's federal petition was timely filed. However, the record demonstrates that Spellman has not exhausted his remedies in the state courts as to all of his claims.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition

---

[16] Rec. Doc. 7, p. 11.

[17] Rec. Doc. 9, pp. 4-5.

should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519–20).

The well-established test for exhaustion requires that the substance of the federal *habeas* claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) ("To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court ...." (quotation marks and citations omitted)). As the United States Fifth Circuit has explained:

> Fair presentation does not entertain presenting claims "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (quotation marks omitted). The purposes of the exhaustion requirement "would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

*Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009).

In his federal application for relief, Spellman raises two claims that were presented in his *pro se* briefs on direct appeal in the Louisiana Fifth Circuit and in his supervisory writ

application with the Louisiana Supreme Court.  Although the State did not specifically address

the issue of exhaustion, the response points out that the court of appeal declined to review the

claim of ineffective assistance of counsel and that Spellman failed to raise the claim on

collateral review.[18]

The Louisiana Fifth Circuit determined it could not address Spellman's ineffective

assistance of counsel claim for the following reasons stated in its order on rehearing:

> This Court granted rehearing on a pro se assignment of error claiming that Applicant was denied his right to the effective assistance of counsel. The original judgment dated April 9, 2014 did not address this error. Ineffective assistance of counsel, however, is most appropriately addressed through an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted, rather than on direct appeal. Only when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, may it be addressed in the interest of judicial economy.

> We do not find that the instant record contains sufficient evidence to rule on the merits of his claim. If the Applicant seeks to pursue the allegation of ineffective assistance of counsel, he should do so properly through an application for post-conviction relief filed in the trial court.

> Accordingly, this request for relief is denied.[19]

Spellman acknowledges the ruling by the appellate court, but admits that he did not raise the

---

[18] Rec. Doc. 7, p. 12.

[19] *State v. Spellman*, 140 So.3d at 757.  The general rule in Louisiana is that a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief than on direct appeal. *State v. Prudholm*, 446 So.2d 729, 737 (La.1984). This creates the opportunity for a full evidentiary hearing to develop the merits of the allegations on the record if needed. *Harris v. Warden, David Wade Correctional Center*, 2011 WL 5866222, at *16 (W.D. La. Nov. 22, 2011) (citing *State v. Ellis*, 966 So.2d 139, 150 (La. App.2d Cir.2007), Report and Recommendation adopted 2011 WL 5872819 (W.D. La. Nov. 22, 2011).

claim in an application for post-conviction relief in the state courts.[20]  Contrary to his assertion, this claim has not been fairly or properly presented to the state courts in a manner that would allow the courts to rule on the merits, and therefore, the claim remains unexhausted. However, the state court record confirms that Spellman's second claim (*i.e.*, the enhanced sentence was imposed prior to the State's filing a multiple offender bill of information) was fairly presented on direct appeal and is properly exhausted.[21]

As previously mentioned, the State did not acknowledge that Spellman has presented more than one claim and did not specifically address the exhaustion requirement. The Court therefore places Spellman on notice that it is raising *sua sponte* the failure to exhaust.  *Accord Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir.2009) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (addressing limitations) and *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998) (addressing exhaustion)) (finding that the district court may *sua sponte* raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given); *see also* 28 U.S.C. § 2254(b)(3) (the State's failure to raise exhaustion is not a waiver of the defense).  **Accordingly, Spellman is hereby specifically advised and instructed that this Report and Recommendation is notice to him that this Court is *sua sponte* raising the issue of exhaustion as to this claim and that Petitioner must submit any evidence or**

---

[20] Rec. Doc. 1, Petition, p. 3.

[21] The Court notes that although this claim is listed in his federal application as Ground Two (Rec. Doc. 1 at p. 6), he fails to brief or argue the claim in either his memorandum in support or traverse.

**argument concerning the default as part of any objections he may file to this report.**
*Magouirk*, **144 F.3d at 350, 360.**

Spellman has failed to exhaust all of his claims. A "mixed" petition—one containing both exhausted and unexhausted claims—is subject to dismissal in its entirety. *See Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420). The record on its face discloses no good cause for Spellman's failure to properly and fully exhaust his claims in the state courts.[22] *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). In fact, it reflects that he was instructed both by the appellate court and his appointed counsel to pursue post-conviction relief. Accordingly, this mixed petition should be dismissed without prejudice to allow Spellman to fully exhaust available state court remedies as to all of his claims, **unless he chooses to amend the petition to dismiss the unexhausted claim and proceed with only the exhausted claim**. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

<u>**RECOMMENDATION**</u>

**IT IS RECOMMENDED** that Spellman's application for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error,

---

[22] Spellman is cautioned that stay and abeyance is available only in limited circumstances. To prove entitlement, a petitioner must show that there was good cause for his failure to first exhaust the claim in state court, and that the claim is not plainly meritless. *Rhines v. Weber*, 544 U.S. at 277.

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[23]

New Orleans, Louisiana, this <u>19th</u> day of _____February_____, 2016.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[23]    *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.