# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN E. SPELLMAN,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-824** |
| **NATE CAIN, ET AL.**  Defendants | **SECTION: "E"** |

## ORDER

The magistrate judge entered a Report and Recommendations on February 19, 2016, recommending dismissal without prejudice of Petitioner John E. Spellman's petition for *habeas corpus* relief.[1] Spellman's objections to the Report and Recommendations were due March 4, 2016. On March 9, 2016, when no objections were on the record, the Court adopted the magistrate judge's Report and Recommendations and dismissed the matter without prejudice.[2] Subsequently, also on March 9, 2016, Spellman filed his objections to the Report and Recommendations.[3] Upon receiving Spellman's objections, the Court vacated its order adopting the Report and Recommendations and the judgment.[4]

The Court, having considered the petition, the record, the applicable law, the Report and Recommendations of the United States Magistrate Judge, and Spellman's objections to the Report and Recommendations, hereby approves the Report and Recommendations of the magistrate judge and adopts it as its opinion in this matter.

The magistrate judge recommended dismissal of Spellman's application for federal *habeas corpus* relief for failure to exhaust state court remedies.[5] In his objections to the

---

[1] R. Doc. 10.
[2] R. Doc. 11.
[3] R. Doc. 14.
[4] R. Doc. 15.
[5] *See* R. Doc. 10 at 9.

Report and Recommendations, Spellman notes that he is raising only one claim in his writ for *habeas corpus* relief—namely, that he was denied the right to counsel.[6] Spellman argues he raised the claim for denial of counsel in state court.[7] In his *habeas* petition, Spellman represents that he raised the issue of "denial of counsel" in state court before the Fifth Circuit Court of Appeal of Louisiana and before the Louisiana Supreme Court.[8]

The court of appeal, in an order on rehearing, explained that the record had insufficient evidence to allow the court to rule on the merits of Spellman's claim for ineffective assistance of counsel.[9] The court advised Spellman that, if he "seeks to pursue the allegation of ineffective assistance of counsel, he should do so properly through an application for post-conviction relief filed in the trial court."[10] On February 6, 2015, the Louisiana Supreme Court denied Spellman's *writ* application without stated reasons.[11]

Spellman, however, has not filed an application for post-conviction relief in the state trial court on his ineffective assistance of counsel claim. Although the court of appeal briefly discussed Spellman's ineffective assistance of counsel claim in its May 29, 2014, order on rehearing, it did not *decide* the issue *on the merits* because, the court found, the record lacked sufficient evidence for the court to determine the merits of Spellman's ineffective assistance of counsel claim.[12] Therefore, the Court agrees with the magistrate judge that Spellman has failed to exhaust his remedies in state court as to his claim for ineffective assistance of counsel.

Accordingly;

---

[6] R. Doc. 14 at 1.
[7] *Id.* at 2.
[8] R. Doc. 1 at 2–3.
[9] *State v. Spellman*, 13-908 (La. App. 5 Cir. 4/9/14), 140 So. 3d 751, 757, *writ denied*, 2014-1315 (La. 2/6/15), 158 So. 3d 815.
[10] *Id.*
[11] *State v. Spellman*, 2014-1315 (La. 2/6/15), 158 So. 3d 815.
[12] There is also no indication that Spellman raised a claim for "denial of counsel" or that the state court has considered that issue on the merits.

**IT IS ORDERED** that that the petition of John Spellman for issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254, is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies.

**New Orleans, Louisiana, this 5th day of May, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**